Ronald F. Price (5535)
Alan Dunaway (13514)
Price Parkinson & Kerr, PLLC
5742 West Harold Gatty Drive, Suite 101
Salt Lake City, Utah 84116
Telephone: (801) 530-2964
E-mail: ronprice@ppktrial.com
          alandunaway@ppktrial.com

*Attorneys for Defendants N.A.R., Inc., Olson Associates, P.C., and Randolph Chip Shaner*

### UNITED STATES DISTRICT COURT DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| LINDSEY CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. dba OLSON SHANER, RANDOPH CHIP SHANER JR., ROB KOLKMAN, CONSTABLE KOLKMAN LLC, N.A.R., INC., and JOHN DOES 1-5,<br><br>Defendants. | **DEFENDANTS N.AR., INC., OLSON ASSOCIATES, P.C., AND RANDOLPH CHIP SHANER'S SECOND ALTERNATIVE MOTION TO CERTIFY ISSUE OF STATE LAW TO THE UTAH SUPREME COURT AND TO STAY**<br><br>Case No. 2:23-cv-00914<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

  Defendants N.A.R., Inc., Olson Associates, P.C. and Randolph Chip Shaner ("These Defendants"), through the undersigned counsel, submit the following alternative motion to certify an issue of state law to the Utah Supreme Court, and to stay this action pending a decision on that issue by the Utah Supreme Court. In connection with These Defendants' motion to dismiss, These Defendants have argued, *inter alia*, that the language contained in the Writ of Execution issued by the state court which commands the Constable Defendants "to collect the judgment, with costs, interest, and fees, . . ." permits the Constable Defendants to enter

into payment plans with, and accept payments from, judgment debtors  In the event this Court disagrees with These Defendants' position with respect to the scope of the Constable Defendants' authority under the Writ of Execution, These Defendants move the Court to certify the following question to the Utah Supreme Court under Rule 41 of the Utah Rules of Appellate Procedure:

## QUESTION TO BE CERTIFIED

Whether a constable, who has been tasked with serving a writ of execution which commands him "to collect the judgment, with costs, interest, and fees, and to sell enough of Defendant(s) non-exempt personal property including but not limited to: cash, TV's, stereos, electronic equipment, VCR's, office equipment, cameras, works of art, collections, guns, camping equipment, furniture, livestock, machinery, farm equipment, tools and any and all vehicles to satisfy the same" is permitted, under Utah law, to enter into payment plans and accept payments from judgment debtors (the "Issue").

## ARGUMENT

I. **THIS COURT SHOULD CERTIFY THE ISSUE TO THE UTAH SUPREME COURT**

These Defendants are unaware of any Utah appellate court which has ruled on this issue. Accordingly, it will be an issue of first impression for the Utah Supreme Court. Furthermore, the Issue is likely to recur in other cases. Indeed, Plaintiff's counsel has filed at least 6 cases which are all pending in this district where the Issue has been, or is likely to be, raised. And, Plaintiff has informed counsel for These Defendants that he intends to file additional cases. Accordingly, it is appropriate to certify the Issue, which

2

will be an issue of first impression for the Utah appellate courts, to the Utah Supreme Court.

## II.     THIS COURT SHOULD STAY THIS CASE

This "court has discretionary authority to stay the present action based upon its inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"[1] Furthermore, staying a case pending resolution of issues certified to the Utah Supreme Court is an appropriate exercise of this Court's discretion to control its docket.[2]

Resolution of the Issue by the Utah Supreme Court in favor of These Defendants would be dispositive of a significant issue in the case, one which is at the heart of all of Plaintiff's claims. Thus, resolution of the Issue will significantly affect the scope of this lawsuit and the relief which Plaintiff could seek. Accordingly, this Court should exercise its discretion and stay this case pending resolution of the issues by the Utah Supreme Court. *Id.*

DATED this 23rd day of April 2024.

PRICE PARKINSON & KERR, PLLC

 /s/  Ronald F. Price
Ronald F. Price

---

[1] *Flying J. Inc. v. Spring Communications Co., L.L.P.*, Case No. 1:99-cv-111, 2006 WL 1473338 (D. Utah May 22, 2006) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).
[2] *Flying J*, 2006 WL 1473338 (granting motion to stay pending disposition of issue certified to Utah Supreme Court).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April 2024, the foregoing **DEFENDANTS N.AR., INC., OLSON ASSOCIATES, P.C., AND RANDOLPH CHIP SHANER'S SECOND ALTERNATIVE MOTION TO CERTIFY ISSUE OF STATE LAW TO THE UTAH SUPREME COURT AND TO STAY** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/  Ronald Price
Ronald Price