Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| LINDSEY CAMPBELL, Plaintiff, v. OLSON ASSOCIATES P.C. dba OLSON SHANER, *et al.*, Defendants. | **DEFENDANT CONSTABLE KOLKMAN LLC'S RESPONSES TO INTERROGATORIES** Case No. 2:23-cv-00914 Magistrate Judge: Daphne A. Oberg |
|---|---|

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Constable Kolkman LLC ("Constable Defendant"), by and through counsel, hereby submits its Responses to Plaintiff Lindsey Campbell's ("Plaintiff") Interrogatories (collectively, "Interrogatories," and each individually, an "Interrogatory") as follows:

1. These responses are made solely for purposes of the above-captioned action. Each response is given subject to the specific objections set forth below with all objections reserved and subject to interposition at the time of the final hearing.

2. Discovery is on-going in this matter. As such, Constable Defendant has not completed its investigation or analysis of the facts relating to this action nor has it completed its preparation for trial. Accordingly, the following objections and responses are given without prejudice to Constable Defendant's right to produce, disclose, or use, at some later date, subsequently discovered evidence. Constable Defendant further reserves the right to amend or supplement these objections and responses at any time.

Constable Defendant will respond to each Interrogatory, if at all, based upon its understanding of what is being requested and/or the facial scope of the Interrogatory. Constable Defendant expressly reserves the right to amend its response to any Interrogatory at any time to the extent Constable Defendant's understanding was mistaken.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in Constable Defendant's objections to the below Interrogatories, the following terms have the definitions respectively set forth as follows:

A. "Vague" and/or "ambiguous" is/are defined to mean: Constable Defendant objects on the basis that the Interrogatory is not drafted with sufficient precision to enable it to draft a reasonable response.

B. "Overbroad" is defined to mean: Constable Defendant objects on the basis that the Interrogatory calls for an expansive potential breadth of information or documents that is unreasonable in scope, parameter and/or time.

C. "Irrelevant" is defined to mean: Constable Defendant objects on the basis that the Interrogatory, as written, calls for information or production of documents irrelevant to the subject

matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

D.  "Duplicative" is defined to mean: Constable Defendant objects on the basis that the Interrogatory calls for disclosure of information or production of documents that is cumulative or duplicative of other discovery.

E.  "Unduly burdensome" is defined to mean: Constable Defendant objects on the basis that the Interrogatory is so broad and/or uncertain that it creates an unreasonable and undue burden. "Unduly burdensome" is also defined to mean that Constable Defendant objects to the Interrogatory because the information or documents sought is/are more readily obtainable through other more convenient, less burdensome, and less expensive sources, including public sources or discovery procedures.

F.  "Privileged" is defined to mean: Constable Defendant objects on the basis that the Interrogatory calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

G.  The phrase "subject to and without waiving their objections," or words having similar effect, is defined to mean: Notwithstanding the fact that Constable Defendant may produce certain information or documents in response to an Interrogatory, information or documents sought by the Interrogatory that is/are covered by a specific objection may not be disclosed or produced.

H. The phrase "is compound and/or contains multiple parts and/or subparts" is defined to mean: Constable Defendant objects to the Interrogatory on the basis that it includes many subparts, each representing an individual request for either documents or information, and may render the Interrogatory unclear. Constable Defendant reserves the right to count each distinct subpart against any limitation imposed on the number of Interrogatories Plaintiff may serve.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all law firms and debt collectors who sent you writs of execution over the last five years.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant was provided the underlying Writ of Execution for Plaintiff by Olson Shaner.

**INTERROGATORY NO. 2**: Explain the circumstances by which you first began obtaining writs of execution from law firms and debt collectors.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "[e]xplain the circumstances," as Constable Defendant is not able to ascertain what specific information is being sought. Constable Defendant objects further on the grounds that this Interrogatory purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant was contacted by Olson Shaner to execute the underlying Writ of Execution against Plaintiff, as that is Constable Defendant's business as a constable service.

**INTERROGATORY NO. 3**: When did you first begin receiving writs of execution from Olson Associates P.C. dba Olson Shaner and NAR?

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant was provided the single underlying Writ of Execution for Plaintiff in or around March 2023.

**INTERROGATORY NO. 4**: When did you first begin sending NAR and Olson Associates P.C. dba Olson Shaner money you obtained from debtors?

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to

Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant did not obtain any money from Plaintiff.

**INTERROGATORY NO. 5**: Explain the financial arrangement between you and the other Defendants.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be

available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant.  Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant did not obtain any money from Plaintiff.  The arrangement was for Constable Defendant to execute the underlying Writ of Execution, seize property (which may include money), and remit to Olson Shaner for satisfaction of judgment as per the terms of the Writ of Execution.

**INTERROGATORY NO. 6**: Explain the process by which you receive writs of execution from the other Defendants.

**RESPONSE**:  Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud.  The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims.  Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable

4858-1423-2557.v1

Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant received the underlying Writ of Execution for Plaintiff through Olson Shaner, who, to Constable Defendant's knowledge, represented the judgment creditor in the case brought against Plaintiff.

**INTERROGATORY NO. 7**: Explain the process by which you obtain payments from debtors.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant did not obtain any payment from Plaintiff.

**INTERROGATORY NO. 8**: Explain the process by which you and the other Defendants remit money to each other.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant did not obtain any money from Plaintiff, and therefore, no money was remitted to Olson Shaner, who provided the underlying Writ of Execution to Constable Defendant.

**INTERROGATORY NO. 9**: Provide a complete accounting of the judgment against the Plaintiff.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "a complete accounting of the judgment," as Constable Defendant is

unable to ascertain what specifically is being sought. Constable Defendant objects further on the grounds that this Interrogatory purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant was not involved in the original proceeding through which a judgment was entered against Plaintiff, and therefore, does not have personal knowledge or information sufficient to provide any type of "accounting." Constable Defendant directs Plaintiff to the court proceedings to obtain the information purportedly sought herein. To the extent Plaintiff seeks an "accounting" concerning Constable Defendant's execution of the underlying Writ of Execution, Constable Defendant did not obtain any money or other property from Plaintiff, and therefore, no "accounting" exists to Constable Defendant's knowledge.

**INTERROGATORY NO. 10**: Identify the total number of writs of execution you received from the other Defendants over the last five years.

**RESPONSE**:  Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud.  The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims.  Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant.  Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant was provided the single underlying Writ of Execution for Plaintiff.

**INTERROGATORY NO. 11**:  Identify the total number of writs of execution you executed over the last five years.

**RESPONSE**:  Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud.  The purported information sought concerning

any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant executed and/or attempted to execute the single underlying Writ of Execution for Plaintiff.

**INTERROGATORY NO. 12**: Identify the total number of times over the last five years you seized debtor's personal property.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable

Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant did not seize any of Plaintiff's property.

**INTERROGATORY NO. 13**: Identify the total number of public sales you conducted over the last five years.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant did not conduct a public sale of Plaintiff's property.

**INTERROGATORY NO. 14**: If you contend you ever acted outside the authority NAR and Olson Associates P.C. dba Olson Shaner bestowed upon you, identify the details and circumstances of each such event.

**RESPONSE**: Constable Defendant objects to this Interrogatory on the grounds that it calls for a legal conclusion to which no response is required, *i.e.*, whether others "bestowed" any "authority" upon Constable Defendant. Constable Defendant objects further on the grounds that this Interrogatory purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Interrogatory on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant acted under the authority of the underlying Writ of Execution against Plaintiff and the Court that issued the underlying Writ of Execution against Plaintiff, as well as under Utah law regarding constables.

**INTERROGATORY NO. 15**: Identify the details of each and every bona fide error you contend occurred in this case.

**RESPONSE**: Constable Defendants object to this Interrogatory on the grounds that it calls for a legal conclusion to which no response is required, *i.e.*, whether the Fair Debt Collection

15

Practices Act applies and therefore whether the "bona fide error" defense applies and what may constitute a "bona fide error." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants raised the "bona fide error" affirmative defense; however, it has not yet been determined whether they are subject to the Fair Debt Collection Practices Act in this case, which is an issue of pure law for the Court to determine. Therefore, Constable Defendants are not required to respond to this Interrogatory on the basis that it calls for more than an opinion of law. To the extent it does not, and Constable Defendants are required to respond (and without waiving the foregoing), Constable Defendants state that any purported violation of any law in this case was not intentional, their conduct was reasonable under the circumstances, and they employed procedures for avoiding violations of law by (but not necessarily limited to) reviewing Writs of Execution, and reviewing Utah statutes and rules for execution of Writs of Execution, so as to ensure compliance to the best of their knowledge.

Dated this 11th day of November, 2024.

**As to objections to Interrogatories only:**

**KIRTON McCONKIE**

*/s/ David P. Gardner*
Christopher S. Hill
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## **VERIFICATION**

I, Rob Kolkman, as an authorized representative for Constable Kolkman LLC, having reviewed the responses to Interrogatories contained herein, hereby affirm and declare that the responses to those Interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated this 11th day of November, 2024.

                                                CONSTABLE KOLKMAN LLC

                                                By: */s/ Rob Kolkman*
                                                *Rob Kolkman, Principal*

4858-1423-2557.v1