Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| LINDSEY CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. dba OLSON SHANER, *et al.*,<br><br>Defendants. | **DEFENDANT CONSTABLE KOLKMAN LLC'S RESPONSES TO REQUESTS FOR PRODUCTION**<br><br>Case No. 2:23-cv-00914<br><br>Magistrate Judge: Daphne A. Oberg |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Constable Kolkman LLC ("Constable Defendant"), by and through counsel, hereby submits its Responses to Plaintiff Lindsey Campbell's ("Plaintiff") Requests for Production (collectively, "Requests," and each individually, a "Request") as follows:

1. These responses are made solely for purposes of the above-captioned action. Each response is given subject to the specific objections set forth below with all objections reserved and subject to interposition at the time of the final hearing.

2. Discovery is on-going in this matter. As such, Constable Defendant has not completed its investigation or analysis of the facts relating to this action nor has it completed its preparation for trial. Accordingly, the following objections and responses are given without prejudice to Constable Defendant's right to produce, disclose, or use, at some later date, subsequently discovered evidence. Constable Defendant further reserves the right to amend or supplement these objections and responses at any time.

Constable Defendant will respond to each Request, if at all, based upon its understanding of what is being requested and/or the facial scope of the Request. Constable Defendant expressly reserves the right to amend its response to any Request at any time to the extent Constable Defendant's understanding was mistaken.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in Constable Defendant's objections to the below Requests, the following terms have the definitions respectively set forth as follows:

A. "Vague" and/or "ambiguous" is/are defined to mean: Constable Defendant objects on the basis that the Request is not drafted with sufficient precision to enable it to draft a reasonable response.

B. "Overbroad" is defined to mean: Constable Defendant objects on the basis that the Request calls for an expansive potential breadth of information or documents that is unreasonable in scope, parameter and/or time.

C. "Irrelevant" is defined to mean: Constable Defendant objects on the basis that the Request, as written, calls for information or production of documents irrelevant to the subject

4867-0702-9741.v1

matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

  D. "Duplicative" is defined to mean: Constable Defendant objects on the basis that the Request calls for disclosure of information or production of documents that is cumulative or duplicative of other discovery.

  E. "Unduly burdensome" is defined to mean: Constable Defendant objects on the basis that the Request is so broad and/or uncertain that it creates an unreasonable and undue burden. "Unduly burdensome" is also defined to mean that Constable Defendant objects to the Request because the information or documents sought is/are more readily obtainable through other more convenient, less burdensome, and less expensive sources, including public sources or discovery procedures.

  F. "Privileged" is defined to mean: Constable Defendant objects on the basis that the Request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

  G. The phrase "subject to and without waiving their objections," or words having similar effect, is defined to mean: Notwithstanding the fact that Constable Defendant may produce certain information or documents in response to an Request, information or documents sought by the Request that is/are covered by a specific objection may not be disclosed or produced.

4867-0702-9741.v1

H.     The phrase "is compound and/or contains multiple parts and/or subparts" is defined to mean: Constable Defendant objects to the Request on the basis that it includes many subparts, each representing an individual request for either documents or information, and may render the Request unclear.  Constable Defendant reserves the right to count each distinct subpart against any limitation imposed on the number of Requests Plaintiff may serve.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**:  All 1099 and W-2 tax forms the other Defendants issued to you in the last five years.

**RESPONSE**:   Constable Defendant objects to this Request on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud.  The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims.  Further, Constable Defendant objects to this Request on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant.  Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

4

4867-0702-9741.v1

Based on the foregoing objections, Constable Defendant declines to respond to this Request.

**REQUEST NO. 2**: All 1099 and W-2 tax forms you issued to the other Defendants in the last five years.

**RESPONSE**: Constable Defendant objects to this Request on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Request on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Based on the foregoing objections, Constable Defendant declines to respond to this Request.

**REQUEST NO. 3**: All documents bearing record of agreements between you and the other Defendants.

**RESPONSE**: Constable Defendant objects to this Request on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Request on the grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Constable Defendant concerning Plaintiff. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 4**: All documents bearing record of communications between you and the Plaintiff.

**RESPONSE**: Constable Defendant has already produced and will produce any unproduced, non-privileged documents responsive to its Request that are in their custody, possession, or control. Constable Defendant has attempted to fully respond to a reasonable

construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 5**: All documents pertaining to the Plaintiff that you provided to the other Defendants.

**RESPONSE**: Constable Defendant has already produced and will produce any unproduced, non-privileged documents responsive to its Request that are in their custody, possession, or control. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 6**: All documents pertaining to the Plaintiff that you received from the other Defendants.

**RESPONSE**: Constable Defendant has already produced and will produce any unproduced, non-privileged documents responsive to its Request that are in their custody, possession, or control. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 7**: All documents bearing record of payments Plaintiff made toward the judgment.

**RESPONSE**: After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Constable Defendant concerning Plaintiff. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without

4867-0702-9741.v1

intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 8**: All documents bearing record of your efforts to collect money from Plaintiff.

**RESPONSE**: Constable Defendant objects to this Request on the grounds that it implies that Constable Defendant is a debt collector, which it is not. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant has already produced and will produce any unproduced, non-privileged documents responsive to this Request that are in its custody, possession, or control. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 9**: All documents bearing record of all property sales you conducted on a writ of execution the other Defendants provided to you over the last five years.

**RESPONSE**: Constable Defendant objects to this Request on the grounds that it purportedly seeks information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendant (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, and Fraud. The purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims. Further, Constable Defendant objects to this Request on the

grounds that it purportedly seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendant argues there is none) is greatly outweighed by the prejudice against Constable Defendant. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Constable Defendant concerning Plaintiff. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 10**: All documents that govern authorization for you to collect money from the Plaintiff.

**RESPONSE**: Constable Defendant objects to this request on the grounds that it is vague and ambiguous as to "govern authorization," as Constable Defendant is unable to ascertain to what Plaintiff may be referring. Constable Defendant objects further on the grounds that it implies that Constable Defendant is a debt collector, which it is not. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant has already produced and will produce any unproduced, non-privileged documents responsive to this Request that are in its custody, possession, or control. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 11**: All documents pertaining to the bona fide errors you allege to have occurred with regard to this case.

**RESPONSE**: Constable Defendant objects to this Request on the grounds that it calls for a legal conclusion as to application of law, *i.e.*, whether the Fair Debt Collection Practices Act applies and therefore whether the "bona fide error" defense applies and what may constitute a "bona fide error," to which no response is required. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

Constable Defendant has already produced and will produce any unproduced, non-privileged documents responsive to this Request that are in its custody, possession, or control. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 12**: All documents bearing record of the procedures you have in place to avoid the specific FDCPA violations alleged in this case.

**RESPONSE**: Constable Defendant objects to this Request on the grounds that it calls for a legal conclusion as to application of law, including whether the "FDCPA" applies, and as to the definition and existence of purported "violations," to which no response is required. Constable Defendant objects to this Request as it implies that Constable Defendants is a debt collector, which it is not. Subject to and without waiving the foregoing objections, Constable Defendant responds as follows:

After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Constable Defendant. Constable Defendant has attempted to fully

respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 13**: All recorded, transcribed, or written statements made by Plaintiff, including any notes taken thereon.

**RESPONSE**: After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Constable Defendant. Constable Defendant has attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

Dated this 11th day of November, 2024.

        **KIRTON McCONKIE**

        */s/ David P. Gardner*
        Christopher S. Hill
        David P. Gardner
        Zachary C. Lindley
        *Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*