UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LINDSEY CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. d/b/a OLSON SHANER; RANDOLPH CHIP SHANER JR.; ROB KOLKMAN; CONSTABLE KOLKMAN LLC; N.A.R., INC.; and JOHN DOES 1-5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING SHORT FORM DISCOVERY MOTION<br>(DOC. NO. 39)**<br><br>Case No. 2:23-cv-00914<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Lindsey Campbell filed this action alleging Defendants attempted to collect a debt from her through various improper means, in violation of the Fair Debt Collection Practices Act[1] ("FDCPA").[2]  Ms. Campbell has now filed a motion to compel Rob Kolkman and Constable Kolkman LLC (collectively, "Constable Defendants") to provide proper responses to several interrogatories and requests for production ("RFPs").[3]  The

---

[1] 15 U.S.C. §§ 1692 et seq.

[2] (See Compl., Doc. No. 2; Am. Compl. ¶¶ 166–89, Doc. No. 10.)  Ms. Campbell also brought fraud and civil rights claims, which have been dismissed.  (See Mem. Decision and Order Granting in Part and Den. in Part Defs.' Mots. to Dismiss, and Den. Defs.' Mot. to Certify Issue to Utah Sup. Ct., Doc. No. 26.)

[3] (Short Form Disc. Mot. ("Mot."), Doc. No. 39.)  Ms. Campbell seeks to compel responses to interrogatory numbers 2 through 14, 16, and 17, and RFP numbers 1 through 3, and 14.  (See id. at 1–2.)

1

Constable Defendants oppose the motion, arguing the information Ms. Campbell seeks is irrelevant.[4] Because the information is relevant, Ms. Campbell's motion is granted.

**ANALYSIS**

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[5]

1. <u>Interrogatory Numbers 2–8, 10–14, 16, 17, and RFP Numbers 1–3 and 14</u>

With these discovery requests, Ms. Campbell seeks information about the Constable Defendants' general debt collection practices, including their collection activities as to debtors other than Ms. Campbell. For example, in interrogatory number 7, Ms. Campbell requests an explanation of "the process by which [the Constable Defendants] obtain payments from debtors."[6] Ms. Campbell contends this information is relevant to whether the Constable Defendants qualify as "debt collectors" under the FDCPA.[7]

In response, the Constable Defendants argue "conduct unrelated to direct interaction with [Ms. Campbell]" is irrelevant to whether they are debt collectors under the FDCPA.[8] Instead, the Constable Defendants contend, whether they are debt

---

[4] (*See* Constable Defs.' Resp. to Short Form Disc. Mot. ("Opp'n") 1, Doc. No. 40.)

[5] Fed. R. Civ. P. 26(b)(1).

[6] (Ex. 1 to Mot., Def. Constable Kolkman LLC's Resps. to Interrogs. 9, Doc. No. 39-1.)

[7] (*See* Mot. 2, Doc. No. 39.)

[8] (Opp'n 2, Doc. No. 40.)

collectors under the FDCPA turns on "whether they were executing the underlying writ *against Plaintiff* in 'performance of [their] official duties.'"[9]

As recently explained in another case involving the Constable Defendants,[10] discovery regarding their general debt collection activities is relevant. Ms. Campbell's claims under the FDCPA require her to establish the Constable Defendants are "debt collectors" for the purposes of that law.[11] To show they are debt collectors, Ms. Campbell must demonstrate either that their principal business is debt collection or that they regularly collect debt for others.[12] In assessing whether a defendant regularly collects debt, courts look to the factors set out in the *Goldstein*[13] case, which include "the absolute number of debt collection communications issued," and "whether any patterns of [debt collection] activity are discernible."[14] Moreover, "[f]acts relating to the

---

[9] (*Id.* at 1–2 (alteration in original) (quoting 15 U.S.C. § 1692a(6)(C)).)

[10] *See Hernandez v. Kolkman*, No. 2:23-cv-00772, 2024 U.S. Dist. LEXIS 146946, at *6–8 (D. Utah Aug. 16, 2024) (unpublished) (denying the Constable Defendants' motion for a protective order because general debt collection practices "are relevant to the threshold question of whether Defendants are debt collectors under the FDCPA"); *Hernandez v. Kolkman*, 347 F.R.D. 551, 555 (D. Utah 2024) ("Information relating to Defendants' general debt collection practices is relevant."). The Constable Defendants are represented by the same counsel in this case.

[11] *See* 15 U.S.C. § 1692a(6). Notably, the Constable Defendants contend they are not "debt collectors" under the FDCPA. (*See* Answer to Am. Compl. ¶¶ 168–69, Doc. No. 28.)

[12] *See* 15 U.S.C. § 1692a(6).

[13] *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56 (2d Cir. 2004); *see also James v. Wadas*, 724 F.3d 1312, 1318 (10th Cir. 2013) ("We agree with and adopt the standard set forth by the Second Circuit in *Goldstein*.").

[14] *Goldstein*, 374 F.3d at 62.

role debt collection work plays in the practice as a whole should also be considered to the extent they bear on the question of regularity of debt collection activity."[15] Accordingly, discovery regarding the Constable Defendants' general debt collection practices is relevant.

The Constable Defendants are correct that one issue in this case is whether their attempts to collect debt from Ms. Campbell were in performance of official duties as officers of the State—because the FDCPA excludes constables collecting debt in performance of these official duties.[16] But this relates to the merits of the case. Moreover, if Ms. Campbell shows the Constable Defendants exceeded their official duties, the FDCPA standard for "debt collector"—including the question of whether the Constable Defendants regularly collect debt—is again at issue.[17] Where Ms. Campbell alleges the Constable Defendants acted outside the scope of their official duties,[18] discovery regarding their debt collection activities is relevant at this stage in the case.[19]

---

[15] *Id.* at 63.

[16] *See* 15 U.S.C. § 1692a(6)(C) (providing the term "debt collector" excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties").

[17] *See Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1318 (D. Utah 2019) ("An officer of the state is immune from liability under the FDCPA only while collecting a debt in the performance of his or her official duties.").

[18] (*See* Am. Compl. ¶ 17, Doc. No. 10 ("None of the conduct complained of herein constitutes official duties or duties Utah law authorizes or requires constables to perform.").)

[19] To the extent the Constable Defendants' discovery responses may include personal information or information that would reveal the identities of other debtors, they may

2. <u>Interrogatory Number 9</u>

While the other discovery requests at issue relate to the Constable Defendants' general debt collection practices, interrogatory number 9 relates only to Ms. Campbell— it requests "a complete accounting of the judgment against" her.[20]  This information is clearly relevant to Ms. Campbell's claim that "Defendants violated [the FDCPA] by representing that [she] owed for amounts, costs, and fees that were not owed, authorized by the judgment, or permitted by law."[21]  In their opposition brief, the Constable Defendants do not argue otherwise (although they made a boilerplate relevancy objection in their discovery responses,[22] which Ms. Campbell challenges[23]).  However, the Constable Defendants appear to contend no "accounting" exists because

---

redact personal and identifying information from their responses.  (*See, e.g.*, Ex. 4 to Mot., Def. Constable Kolkman LLC's Resps. to Second Set of Reqs. for Produc. 4, Doc. No. 39-4 (RFP number 14, seeking "[a]ll letters you sent to debtors notifying them of property sales you scheduled to occur on August 11, 2023").)  Ms. Campbell does not explain why personal and identifying information about other debtors is relevant.

[20] (*See* Ex. 1 to Mot., Def. Constable Kolkman LLC's Resps. to Interrogs. 10, Doc. No. 39-1.)

[21] (*See* Am. Compl. ¶ 178, Doc. No. 10.)

[22] (*See* Ex. 1 to Mot., Def. Constable Kolkman LLC's Resps. to Interrogs. 10–11, Doc. No. 39-1 (objecting to interrogatory number 9 on relevancy grounds because "[t]he purported information sought concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under such claims").)  This is (verbatim) the same objection the Constable Defendants raised in response to the discovery requests about their general debt collection practices.

[23] (*See* Mot. 2, Doc. No. 39 (arguing interrogatory number 9 seeks relevant information).)

the Constable Defendants "did not obtain any payments" from Ms. Campbell.[24]  To the extent the Constable Defendants lack responsive information, they may respond to the interrogatory accordingly.  "Rule 33 requires a party to respond to interrogatories only with information that is available to them."[25]  But the Constable Defendants may not withhold responsive information for interrogatory 9 on relevancy grounds.

## CONCLUSION

Because the information Ms. Campbell seeks is relevant to her FDCPA claims, her motion to compel[26] is granted.  The Constable Defendants are ordered to respond (to the extent they have responsive information or documents) to interrogatory numbers 2 through 14, 16, and 17, and RFP numbers 1 through 3, and 14, by April 22, 2025.

DATED this 8th day of April, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[24] (*See* Opp'n 2–3, Doc. No. 40 ("Other than not responding as to individuals other than Plaintiff (*supra*), Defendants provided full, good faith responses.  They were contacted by Olson Shaner, who are believed to represent judgment creditors, to execute the single Writ against [Ms. Campbell] in March 2023, and did not obtain any payments (*i.e.*, no 'accounting') . . . .").)

[25] *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021, 2016 U.S. Dist. LEXIS 57050, at *72 (D.N.M. Apr. 1, 2016) (unpublished).  The same is true for RFPs—Rule 34 "does not require a party to create responsive documents if they do not exist in the first instance and the Court cannot compel a party to produce documents that do not exist." *Smith v. Phamm*, No. 03-3451, 2008 U.S. Dist. LEXIS 60349, at *6 (D. Kan. July 28, 2008) (unpublished) (internal quotation marks and citation omitted).

[26] (Doc. No. 39.)