UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LINDSEY CAMPBELL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. d/b/a OLSON SHANER; RANDOLPH CHIP SHANER JR.; ROB KOLKMAN; CONSTABLE KOLKMAN LLC; N.A.R., INC.; and JOHN DOES 1-5,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN DISCOVERY AND EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS (DOC. NO. 65)**<br><br>Case No. 2:23-cv-00914<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Rob Kolkman and Constable Kolkman LLC (the Constable Defendants) move to reopen discovery for forty-five days to depose Lindsey Campbell. They also seek to extend the deadline for filing dispositive motions to fourteen days after that deposition occurs.[1] Ms. Campbell opposes the motion.[2] Because the Constable Defendants were not diligent in pursuing Ms. Campbell's deposition either during the fact discovery period or after fact discovery closed, the motion is denied.

---

[1] (Mot. to Reopen Disc. & Extend Deadline to File Dispositive Mots. (Mot.), Doc. No. 65.)

[2] (Opp'n to Mot. (Opp'n), Doc. No. 68.)

<u>BACKGROUND</u>

Ms. Campbell brought this case in December 2023, claiming the Constable Defendants and others committed fraud, violated the Fair Debt Collection Practices Act[3] (FDCPA), and violated her civil rights.[4]  In September 2024, the court issued a scheduling order, under which fact discovery closed April 30, 2025.[5]

On March 17, 2025, counsel for another defendant emailed Ms. Campbell's counsel to schedule her deposition and copied the Constable Defendants' prior counsel.[6]  Ms. Campbell's counsel responded the following week, providing several available dates—April 21 through 23, and April 28 through May 2.[7]  Counsel also noted Ms. Campbell was amenable to holding the deposition a few days after the discovery cut-off.[8]

The Constable Defendants then hired new counsel, who appeared in this case for the first time on April 4, 2025.[9]  Two weeks later, the parties filed a joint status

---

[3] 15 U.S.C. §§ 1692–1692p.

[4] (*See* Compl., Doc. No. 2; Am. Compl. ¶¶ 166–240, Doc. No. 10.)

[5] (Scheduling Order 3, Doc. No. 36.)

[6] (Ex. P-4 to Opp'n 2, Doc. No. 68-4 (March 17, 2025, email by Ronald Price, counsel for Defendant Olson Associates PC, copying Chris Hill, David Garner, and Zachary Lindley, the Constable Defendants' prior counsel).)

[7] (*Id.* at 1.)

[8] (Ex. P-5 to Opp'n 1, Doc. No. 68-5.)

[9] (Substitution of Counsel for Defs. Rob Kolkman & Constable Kolkman, LLC, Doc. No. 43 (providing notice that Mark Nickel and J. Tyler Martin substitute in place of David Gardner and Chris Hill as counsel for the Constable Defendants).)

report.[10]  According to the report, the parties were "attempting to schedule depositions but had difficulty coordinating with Constable Defendants' prior counsel."[11]  The parties noted they would likely "need to hold depositions in May after the discovery cut-off."[12]  No party moved to extend the discovery cut-off, and the defendants did not take Ms. Campbell's deposition on the April or May dates she provided.

At the end of May 2025, counsel for the other defendants again emailed Ms. Campbell's counsel about scheduling her deposition sometime in June.[13]  The senders copied the Constable Defendants' new counsel on the email.[14]  Ms. Campbell's counsel responded, agreeing to check her availability, but noting the Constable Defendants still needed to provide deposition dates.[15]  The following month, Ms. Campbell's counsel emailed defense counsel, including the Constable Defendants' new counsel.[16]  She provided more available dates for her deposition—July 11, 14, and 21.[17]  But the defendants did not depose her on any of these dates.

---

[10] (April 17, 2025 Joint Status Report (April Status Report), Doc. No. 46.)

[11] (*Id.*)

[12] (*Id.*)

[13] (Ex. P-10 to Opp'n, Doc. No. 68-10 (May 28, 2025, email from Ronald Price).)

[14] (*Id.* (copying Mark Nickel, Ryan Anderson, and Tyler Martin).)

[15] (*Id.*)

[16] (Ex. P-11 to Opp'n, Doc. No. 68-11.)

[17] (*Id.*)

At the end of July, the parties filed another status report.[18]  The parties again explained they were "attempting to schedule depositions but had difficulty coordinating with Constable Defendants' prior counsel" and would likely "need to hold depositions in July and August after the discovery cut-off."[19]  But no party moved to reopen discovery. And, again, the Constable Defendants did not depose Ms. Campbell in either July or August.

On September 16, 2025, the Constable Defendants' new counsel contacted Ms. Campbell's counsel, requesting deposition dates for nine plaintiffs in other FDCPA cases pending against them.[20]  But counsel did not include Ms. Campbell as one of those nine deponents.[21]  A month later, the Constable Defendants filed a motion to extend the dispositive motions deadline—on the deadline itself (October 17).[22] Although the Constable Defendants captioned the motion as "stipulated," this is a

---

[18] (July 31, 2025 Joint Status Report (July Status Report), Doc. No. 51.)

[19] (*Id.*)  It is unclear whether the parties' July status report refers to Ms. Campbell's deposition and the fact discovery deadline (April 30, 2025) or expert depositions and the expert discovery deadline (July 31, 2025).  The parties filed the report in response an order to comply with the discovery management order, which required "a joint status report regarding any remaining expert discovery."  (*See* Doc. Nos. 49 & 50 (referencing Disc. Mgmt. Order ¶ 2, Doc. No. 35).)

[20] (Ex. P-16 to Opp'n, Doc. No. 68-16 (September 16, 2025, email by Blake Hill regarding "the various cases against NAR, Olson Associates, etc." requesting depositions for "1. Heather Cox, 2. Charles Young, 3. Tara Peretto, 4. Kathryn Mitchell, 5. Julie Berry, 6. Heidi Cordero, 7. Elizabeth Hernandez, 8. Jason Besendorfer, 9. Kendall Thomas.").)

[21] (*Id.*)

[22] (Defs.' Stipulated Mot. for Extension of Deadline to File Dispositive Mots., Doc. No. 58.)

mischaracterization.  Only the defendants stipulated to the motion.  Ms. Campbell did not.  In their motion, the Constable Defendants asserted an extension of the dispositive motions deadline was necessary "to allow the depositions that had been agreed to by all parties" in the July status report.[23]  The defendants claimed they had requested dates for Ms. Campbell's deposition on September 17, but her counsel was nonresponsive.[24]  They also represented that Ms. Cambell's deposition was "scheduled to occur" on November 6.[25]

Ms. Campbell opposed the Constable Defendants' motion and moved for a protective order, denying she agreed to a November 6 deposition.[26]  Ms. Campbell also disputed that the Constable Defendants had asked to depose her on September 17.  And she asserted the parties did not engage in any communications to schedule depositions in this case after July 30.[27]

The court denied the Constable Defendants' motion to extend the dispositive motions deadline and granted Ms. Campbell's motion for a protective order, noting that

---

[23] (*Id.* at 2.)

[24] (*Id.*)  The motion presented no evidence to support this allegation.

[25] (*Id.*)

[26] (Pl.'s Mem. in Opp'n to Defs.' Mot. for Extension of Deadline to File Dispositive Mots., Doc. No. 62; Pl.'s Mot. for Protective Order, Doc. No. 64.)  Ms. Campbell submitted an email supporting her claim that she did not agree to a deposition on November 6.  (Ex. P-17 to Opp'n, Doc. No. 68-17.)

[27] (Pl.'s Mem. in Opp'n to Defs.' Mot. for Extension of Deadline to File Dispositive Mots. 3, Doc. No. 62.)

fact discovery closed on April 30 and no party had moved to reopen discovery.[28]  But the court permitted the defendants to file a motion to reopen discovery and modify the schedule (including a renewed request to extend the dispositive motions deadline).[29] The court explained any such motion should address the standards set forth in *Smith v. United States*.[30]  The Constable Defendants' present motion followed.[31]

In their motion, the Constable Defendants assert "[a]ll [n]amed Defendants have sought dates for [a] deposition of [Ms.] Campbell on at least six separate occasions, including a demand for the deposition of [Ms.] Campbell and 8 others on September 17–18, 2025," but Ms. Campbell's counsel had not "provided a single date."[32] Problematically, however, the Constable Defendants do not support these assertions with evidence.

In response, Ms. Campbell again disputes that the Constable Defendants made efforts to depose her before filing their October 17 motion.[33]  As Ms. Campbell points out, only the *other* defendants' counsel (not the Constable Defendants' counsel)

---

[28] (*See* Docket Text Orders, Doc. No. 63 & 67.)

[29] (Docket Text Order, Doc. No. 63.)

[30] 834 F.2d 166 (10th Cir. 1987).

[31] (Mot., Doc. No. 65.)  No other defendants joined the Constable Defendants' motion to reopen discovery and modify the schedule.

[32] (*Id.* at 2.)

[33] (Opp'n 7–8, Doc. No. 68.)

requested deposition dates from her—and she responded by providing multiple dates.[34] Ms. Campbell also notes that the Constable Defendants did not include a request to depose her in their September 16 email requesting deposition dates for nine other plaintiffs.[35]  She supports her assertions with exhibits attached to her response, including the September 16 email and other correspondence between counsel.[36]

The Constable Defendants filed a reply,[37] but still neglected to present any evidence supporting their assertion that they requested to depose Ms. Campbell on September 17–18, 2025.  Indeed, they presented no evidence showing they asked to depose Ms. Campbell at any time before filing their motion to extend the dispositive motions deadline on October 17—nearly six months after fact discovery closed.

---

[34] (*Id.* (citing Exs. P-1, P-2, & P-4 to Opp'n, Doc. Nos. 68-1, 68-2, & 68-4).)

[35] (*Id.* at 2 (citing Ex. P-16 to Opp'n, Doc. No. 68-16).)

[36] (*See* Ex. P-16 to Opp'n, Doc. No. 68-16 (email by Blake Hill to Ms. Campbell's counsel dated September 16, 2025, regarding "the various cases against NAR, Olson Associates, etc." requesting depositions of nine listed individuals (not including Ms. Campbell)); *see also* Ex. P-1 to Opp'n, Doc. No. 68-1 (emails from March 2025 between counsel for Olson Associates PC, and Ms. Campbell's counsel discussing deposition availability); Ex. P-2 to Opp'n, Doc. No. 68-2 (same); Ex. P-4 to Opp'n, Doc. No. 68-4 (same, plus a March 25 email by Ms. Campbell's counsel providing available dates in April and May for her deposition); Ex. P-10 to Opp'n, Doc. No. 68-10 (email from counsel for Olson Associates PC, dated May 28, 2025, discussing scheduling Ms. Campbell's deposition sometime in June); Ex. P-11 to Opp'n, Doc. No. 68-11 (email from Ms. Campbell's counsel providing available dates in July for her deposition).)

[37] (Reply in Supp. of Mot. (Reply), Doc. No. 70.)

ANALYSIS

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."[38] "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[39] The factors (commonly known as the *Smith* factors)[40] courts consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that discovery will lead to relevant evidence.[41]

Overall, the *Smith* factors weigh against reopening discovery. Most significantly, the Constable Defendants were not diligent in obtaining Ms. Campbell's deposition despite the fact that their need for it was foreseeable. This lack of diligence and the foreseeability of Ms. Campbell's deposition—coupled with the opposition to the request to reopen discovery and the prejudice to Ms. Campbell—outweigh the other *Smith* factors.

---

[38] Fed. R. Civ. P. 16(b)(4).

[39] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (citation omitted).

[40] *See Morrison v. Safeco Ins. Co. of Am.*, No. 1:23-cv-00360, 2025 U.S. Dist. LEXIS 186021, at *11 (D. Utah Sept. 22, 2025) (unpublished).

[41] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

**Diligence.** First, and most significantly, the Constable Defendants showed a lack of diligence in deposing Ms. Campell. The most important factor in determining whether to reopen discovery is the moving party's diligence in obtaining the requested discovery.[42] The Constable Defendants argue they have been diligent because their new counsel joined the case near the end of discovery and have since worked to schedule Ms. Campbell's deposition.[43] As noted above, without presenting evidence, the Constable Defendants claim they sought dates for the deposition on several occasions and asked for nine depositions, including Ms. Campbell's, in mid-September.[44] In contrast, Ms. Campbell argues the Constable Defendants have made

---

[42] *See Candelaria v. Molina Healthcare, Inc.*, No. 18-725, 2019 U.S. Dist. LEXIS 163088, at *10 (D.N.M. Sept. 24, 2019) (unpublished) (collecting cases and explaining "the weight of authority" agrees that "good cause under Rule 16(b)(4) depends primarily, or even solely, on the diligence of the party seeking extension"); *see also Graves v. Wirta*, No. 20-cv-03595, 2022 U.S. Dist. LEXIS 82765, at *24 (D. Colo. May 6, 2022) (unpublished) (explaining lack of diligence is the "most important" *Smith* factor); *Kone v. Tate*, No. 20-1080, 2021 U.S. Dist. LEXIS 62155, at *9 (D. Kan. Mar. 31, 2021) (unpublished) (explaining "diligence—the fourth *Smith* factor and the crux of a good-cause determination—remains the most important factor"); *City of Las Cruces v. United States*, No. 17-809, 2021 U.S. Dist. LEXIS 53295, at *6 (D.N.M. Mar. 22, 2021) (unpublished) ("As reopening discovery modifies a scheduling order and thus requires a showing of 'good cause,' the most important of these factors is the moving party's diligence.").

[43] (Mot., Doc. No. 65 at 2.) In reply, the Constable Defendants represent that, "throughout late summer and fall," the parties agreed to complete Ms. Campbell's deposition within "8 to 10 weeks." (Reply, Doc. No. 70 at 5.) But the Constable Defendants provide no evidence of this agreement.

[44] (Mot., Doc. No. 65 at 2 (stating defendants have sought deposition dates for Ms. Campbell "on at least six separate occasions" and sent a demand for her deposition "and 8 others on September 17-18, 2025"); Reply, Doc. No. 70 at 5–6 (stating "Defendants reached out to Plaintiff's counsel on numerous occasions" and "on September 17, 2025, . . . counsel e-mailed Plaintiff's counsel directly to demand that

no effort to depose her until now.  And all the defendants ignored the April, May, and July dates of availability she provided for her deposition.[45]

    The record supports a finding of lack of diligence by the Constable Defendants. The Constable Defendants did not depose Ms. Campbell when she offered dates for late April and early May.[46]  After new counsel joined in early April, they did not move to extend the discovery deadline.  And although Ms. Campbell offered more deposition dates for July,[47] the Constable Defendants again failed to depose her.

    While the Constable Defendants claim they sought to depose Ms. Campbell in mid-September, along with numerous plaintiffs from other cases, they provided no evidence supporting this claim.  And Ms. Campbell submitted an email exchange showing she was not listed in the Constable Defendants' mid-September deposition demand.[48]  In view of this, the fact that the parties discussed and agreed to pursue depositions after discovery closed does not advance the Constable Defendants'

---

deposition dates be provided for [Ms.] Campbell and eight other deponents").)  The Constable Defendants provide no evidence to support these factual assertions.

[45] (Opp'n 7–8, Doc. No. 68 (citing Exs. P-1, P-2, P-4, & P-11 to Opp'n, Doc. Nos. 68-1, 68-2, 68-4, & 68-11).)

[46] (Ex. P-4 to Opp'n 1, Doc. No. 68-4 (offering April 21 through 23 or April 28 through May 2 for her deposition); Ex. P-5 to Opp'n 1, Doc. No. 68-5 (same).)  The parties' status reports suggest a lack of effort by prior counsel.  (April Status Report, Doc. No. 46 (indicating attempts to schedule depositions failed due to difficulty coordinating with the Constable Defendants' prior counsel); July Status Report, Doc. No. 51 (same).)

[47] (Ex. P-11 to Opp'n 1, Doc. No. 68-11 ("[M]y client and I are available July 11th, 14th, and 21st.").)

[48] (*See* Ex. P-16 to Opp'n 1, Doc. No. 68-16.)

argument.  The evidence presented with the briefs shows the Constable Defendants were not diligent in attempting to obtain Ms. Campbell's deposition until, at best, five months after fact discovery closed.[49]  And problematically, the Constable Defendants offer no explanation for their failure to diligently pursue Ms. Campbell's deposition in a timely way.[50]  *Smith*'s diligence factor—the most important factor—weighs heavily against reopening discovery.

**Foreseeability.**  So, too, does the foreseeability of the need for Ms. Campbell's deposition, *Smith*'s fifth factor.  As the Constable Defendants acknowledge, all parties foresaw the need for additional depositions at the time their new counsel appeared in this case.[51]  And they recognize Ms. Campbell's claims "rely heavily upon her direct

---

[49] (*See* Defs.' Stipulated Mot. for Extension of Deadline to File Dispositive Mots. 1–2, Doc. No. 58; *see also* Ex. P-17 to Opp'n, Doc. No. 68-17 (email from Ms. Campbell's counsel to the Constable Defendants' counsel, dated October 24, 2025, explaining he has received no deposition notice "nor have you endeavored to coordinate the deposition at a mutually convenient time").)

[50] *See, e.g.*, *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (holding a district court did not abuse its discretion in denying a motion to reopen discovery, where the moving parties did not diligently use the discovery period provided and had focused their efforts on nonparty entities); *Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4 (D. Utah June 9, 2021) (unpublished) (finding party's unexplained failure to seek information it knew was relevant before the close of discovery supported not reopening discovery); *see also Strope*, 315 F. App'x at 61 (explaining the moving party "must provide an adequate explanation for any delay"); *Stevenson v. Salt Lake Cnty.*, No. 2:12-cv-44, 2014 U.S. Dist. LEXIS 63253, at *2 (D. Utah May 7, 2014) (unpublished) (noting the party seeking an extension must show some "reasonable basis for not meeting the deadline").

[51] (Mot., Doc. No. 65 at 2; Reply, Doc. No. 70 at 7.)

personal allegations of events."[52]  As the plaintiff, Ms. Campbell is the main witness in the case, meaning the need for her deposition was apparent from the beginning.[53]  Like the Constable Defendants' lack of diligence, the foreseeable need for Ms. Campbell's deposition weighs heavily against reopening discovery.

**Whether the Request is Opposed.**  The second factor—whether the request is opposed—also weighs against reopening discovery.  The Constable Defendants suggest their request to reopen discovery is unopposed because Ms. Campbell agreed to being deposed in July.[54]  But where Ms. Campbell clearly opposes the Constable Defendants' motion, this factor weighs against reopening discovery.[55]

**Prejudice.**  With regard to prejudice, the third *Smith* factor, the Constable Defendants argue reopening discovery would prevent prejudice to them by honoring

---

[52] (Mot., Doc. No. 65 at 2.)

[53] *See, e.g.*, *Moore v. Peters*, 341 F.R.D. 463, 473 (W.D.N.Y. 2022) (finding foreseeability of the need for additional discovery weighed against reopening discovery to depose the plaintiff, because the plaintiff "was not an unknown witness," he was "a main witness" and, as such, the importance of his deposition was apparent at the outset of the case).

[54] (Mot., Doc. No. 65 at 2; Reply, Doc. No. 70 at 4.)  The Constable Defendants suggest the parties' July status report demonstrates this agreement.  But as noted, the July status report only generally references "additional depositions" and the "discovery cut-off."  (July Status Report, Doc. No. 51.)  This does not reveal an agreement to Ms. Campbell's deposition.  In fact, the report seems to refer to expert depositions and deadlines, given that the parties filed it in response to an order to comply with the discovery management order's requirement to "file a joint status report regarding any remaining expert discovery."  (*See* Doc. Nos. 49 & 50 (referencing Disc. Mgmt. Order ¶ 2, Doc. No. 35).)

[55] (Opp'n 4, Doc. No. 68.)

Ms. Campbell's agreement to be deposed in July.[56]  But under *Smith*, the court considers "whether the *non-moving* party would be prejudiced"—not the moving party.[57] Ms. Campbell contends she would be irreparably prejudiced if discovery were reopened because: (1) the Constable Defendants would have an unfair tactical advantage after seeing her litigation strategy in her motion for partial summary judgment; (2) she would incur additional costs and work from restructuring her strategy; and (3) delays may require her to retain new counsel, as her current counsel has two approaching surgeries.[58]

Although Ms. Campbell overstates the degree of prejudice to her if discovery is reopened, she would suffer prejudice.  Because Ms. Campbell only moved for summary judgment on her FDCPA claim, any tactical advantage to the Constable Defendants or need for Ms. Campbell to restructure her strategy would be limited to that claim.  And Ms. Campbell has not sufficiently linked her counsel's approaching surgeries to her claim of prejudice.[59]  That said, there is no question reopening discovery would cause some prejudice to Ms. Campbell.  Ms. Campbell timely filed a summary judgment motion based on the record developed during discovery.  Permitting the Constable Defendants to depose Ms. Campbell after she filed her motion would let them tailor the

---

[56] (Mot., Doc. No. 65 at 2; Reply, Doc. No. 70 at 4–5.)

[57] *Smith*, 834 F.2d at 169 (emphasis added).

[58] (Opp'n 4–7, Doc. No. 68.)

[59] Ms. Campbell provides no indication of when those surgeries are or how long counsel would need to recover.

deposition to respond directly to the strategy revealed in her motion—contrary to the ordinary sequence of litigation established in the scheduling order.  It would also delay the case.  Considered in totality, this third *Smith* factor weighs against reopening discovery.

**Imminence of Trial and Whether the Deposition Will Lead to Relevant Evidence.**  Finally, although the first and last *Smith* factors favor reopening discovery, they do not outweigh the others.  Trial is not imminent.  The court has yet to set a trial date.  And because Ms. Campbell is the plaintiff, her deposition would undoubtedly lead to relevant evidence.  (As discussed above, for this same reason, the need for Ms. Campbell's deposition was foreseeable and the Constable Defendants should have diligently sought it sooner.)  But the fact that trial is not imminent and Ms. Campbell's deposition would lead to relevant evidence does not outweigh the Constable Defendants' lack of diligence and the clear foreseeability of the need for her deposition. Overall, the *Smith* factors weigh against reopening discovery.

* * *

In sum, the Constable Defendants fail to demonstrate good cause to reopen discovery and modify the schedule.  The Constable Defendants' lack of diligence and the foreseeable need for Ms. Campbell's deposition strongly outweigh the fact that trial is not imminent and that her deposition would provide relevant evidence.  For these reasons, the motion to reopen discovery and extend the deadline for dispositive motions until after Ms. Campbell's deposition is denied.  But where the Constable Defendants

14

moved to extend the dispositive motions deadline before it expired,[60] the court grants a limited extension of this deadline as set forth below.

**CONCLUSION**

The Constable Defendants' motion[61] to reopen discovery to allow a deposition of Ms. Campbell, and to extend the dispositive motions deadline until after the deposition, is denied.  The court orders as follows:

1.     The Constable Defendants' deadline to file dispositive motions is extended to December 15, 2025.

2.     All other deadlines in the Scheduling Order[62] remain unchanged.

DATED this 1st day of December, 2025.

BY THE COURT:

Daphne A. Oberg
Daphne A. Oberg
United States Magistrate Judge

---

[60] As described above, the Constable Defendants filed their prior motion for extension before the deadline expired, and they promptly filed this renewed motion as permitted by the court.

[61] (Doc. No. 65.)

[62] (Doc. No. 36.)