UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LINDSEY CAMPBELL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN LLC,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [ECF NO. 59] PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING [ECF NO. 76] DEFENDANTS' RULE 56(d) MOTION; AND DENYING [ECF NO. 88] DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:23-cv-00914-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Plaintiff Lindsey Campbell's Motion for Partial Summary Judgment,[1] Defendants Rob Kolkman and Constable Kolkman LLC's Rule 56(d) Motion,[2] and Defendants' Motion for Partial Summary Judgment.[3] Plaintiff asserts that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff also originally brought her motion against former Defendants Olson Associates ("Olson") and NAR Inc., but those parties were dismissed from the case while briefing was ongoing.[4] Having reviewed the briefing and the case law, the court finds that oral argument is not necessary.[5]

---

[1] Mot. for Partial Summ. J. ("Pl.'s MPSJ"), ECF No. 59, filed October 17, 2025.

[2] Defs.' Rule 56(d) Mot. to Defer Consideration of and Response to Pl.'s Mot. for Partial Summ. J. ("Defs.' Rule 56(d) Mot."), ECF No. 76, filed November 19, 2025.

[3] Defs. Rob Kolkman and Constable Kolkman, LLC's Mot. for Partial Summ. J. ("Defs.' MPSJ"), ECF No. 88, filed December 15, 2025.

[4] Order, ECF No. 87, filed December 15, 2025.

[5] *See* DUCivR 7-1(g).

**BACKGROUND**

I.      **Factual Background**

In 2022, Olson obtained a $9,775.25 judgment against Plaintiff for an unpaid debt.[6] A few months later, Olson obtained a Writ of Execution from the court with the total amount due listed at $10,0093.07.[7] The writ states:

> TO THE CONSTABLE OF UTAH COUNTY, STATE OF UTAH: . . . YOU ARE COMMANDED to collect the judgment, with costs, interests and fees, and to sell enough of the Defendant(s) non-exempt personal property including but not limited to the following: cash, TV's, stereos, electronic equipment, gaming systems, DVD/blueray players, office equipment, cameras, works of art, collections, guns, camping equipment, furniture, livestock, machinery, farm equipment, tools and any and all vehicles to satisfy the same.[8]

Olson then provided the Writ of Execution and a Praecipe to Constable Rob Kolkman and Constable Kolkman LLC.[9]

Constable Rob Kolkman is a sworn Constable in the State of Utah.[10] After receiving the writ, Constable Kolkman and Constable Kolkman LLC began "seeking to work out a payment plan on the judgment amount."[11] In March 2023, Constable Kolkman first sent a letter informing Plaintiff of the writ, the judgment amount, and additional costs of $376.40.[12] The letter requested Plaintiff to "[p]lease contact this office within 10 days of the date of this letter."[13]A couple of months later, Constable Kolkman sent a second letter with a tally of the costs associated with the

---

[6] Default J. ("State Judgment"), ECF No. 59-2, filed October 17, 2025.
[7] Writ of Execution ("Writ"), ECF No. 59-4, filed October 17, 2025.
[8] *Id.*
[9] Dep. of Chip Shaner, 30(b)(6) Witness for Olson Associates ("Shaner Dep.") 36:4–20, ECF No. 59-13, filed October 17, 2025; Praecipe, ECF No. 59-5, filed October 17, 2025.
[10] Constable Kolkman's Oath of Office, ECF No. 88-1, filed December 15, 2025.
[11] Defs.' MPSJ 2, 5–6.
[12] First Letter, ECF No. 59-6, filed October 17, 2025.
[13] *Id.*

writ.[14] This letter stated "[i]f I am unable to collect the judgment amount, then I am ordered by the Court to sell enough of your non exempt personal property to cover the judgment. Please call my office within ten days to make arrangements to pay the judgment to avoid the sale of your non exempt personal property."[15] A few months letter, Constable Kolkman sent another letter with a notice of sale.[16] The letter stated a sale of Plaintiff's property would take place on August 11, 2023 at 12:20 p.m.[17] The letter also told Plaintiff to "CONTACT THIS OFFICE IMMEDIATELY TO MAKE A PAYMENT OR ARRANGMENTS TO CANCEL THE SALE."[18] Constable Kolkman later sent a follow up letter, stating "[a] sale of your personal property has been set and a Notice of Sale was mailed to you . . . . In order to cancel the sale you must call my office and make a payment prior to the date of the sale."[19] But the sale did not occur on the date noticed or on any date.[20]

## II.     Procedural Background

Plaintiff filed this case on December 19, 2023.[21] The dispositive motion deadline was set as October 17, 2025.[22] On the deadline, Plaintiff filed her motion for partial summary judgment,[23] but Defendants filed a motion to extend the dispositive motion deadline, asserting

---

[14] Second Letter, ECF No. 59-7, filed October 17, 2025.
[15] *Id.*
[16] Third Letter, ECF No 59-8, filed October 17, 2025.
[17] *Id.*
[18] *Id.*
[19] Fourth Letter, ECF No. 59-9, filed October 17, 2025.
[20] Pl.'s MPSJ 5. The court notes that Plaintiff cites only evidence showing that Defendants generally have never conducted a sale and offers no evidence specifically demonstrating that Plaintiff's sale did not occur. But because Defendants did not object to this fact, the court treats it as conceded for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2).
[21] Compl., ECF No. 2, filed December 19, 2023.
[22] Scheduling Order, ECF No. 36, filed September 27, 2024.
[23] Pl.'s MPSJ.

3

the need to depose Plaintiff before filing a dispositive motion.[24] The Magistrate Judge denied Defendants' motion, but granted Defendants leave to file a motion to reopen discovery and modify the schedule.[25] Defendants filed their motion to reopen discovery and extend the dispositive motion deadline on October 31, 2025.[26]

Before the Magistrate Judge ruled on Defendants' motion to reopen discovery, Defendants filed their rule 56(d) motion and their opposition brief to Plaintiff's motion for partial summary judgment.[27] The opposition brief and Rule 56(d) motion are materially identical—they both request more time to depose Plaintiff before opposing Plaintiff's motion for partial summary judgment.[28]

On December 1, 2025, the Magistrate Judge denied Defendants' motion to reopen discovery.[29] The Magistrate Judge found that Defendants were "not diligent in pursuing Ms. Campbell's deposition either during the fact discovery period or after fact discovery closed."[30] However, the Magistrate Judge allowed Defendants 14 days to file a dispositive motion.[31]

Also on December 1st, Plaintiff filed her reply brief in support of her motion for partial summary judgment.[32]

---

[24] Defs. Stipulated Mot. for an Extension of Deadline to File Dispositive Mot., ECF No. 58, filed October 17, 2025. The court notes that this motion was only stipulated to by the Defendants. Plaintiff did not stipulate to the motion.
[25] Docket Text Order, ECF No. 63, filed October 24, 2025.
[26] Defs. Mot. to Reopen Discovery and for an Extension of Deadline to File Dispositive Mots., ECF No. 65, filed October 31, 2025.
[27] Defs.' Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. ("Defs.' Opp."), ECF No. 74, filed November 19, 2025; Defs.' Rule 56(d) Mot.
[28] *Id.*
[29] Mem. Decision and Order Denying Mot. to Reopen Discovery and Extend Deadline to File Dispositive Mots. ("Order Denying Mot. to Reopen Discovery"), ECF No. 81, filed December 1, 2025.
[30] *Id.* 1.
[31] *Id.* 15.
[32] Reply Mem. in Supp. of Mot. for Partial Summ. J., ECF No. 83, filed December 1, 2025.

On December 15, 2025, Defendants filed their motion for partial summary judgment.[33] Plaintiff filed an opposition on January 7, 2026.[34]

On January 30, 2026, this court issued a Docket Text Order granting Defendants leave to file a new response to Plaintiff's motion for partial summary judgment, since the Magistrate Judge's order left Defendants without a substantive response.[35] Defendants did not file a new response, though they did file a reply in support of their motion for partial summary judgment on February 13, 2026.[36]

## STANDARD

"A party is entitled to summary judgment if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[37] "A factual issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[38] "The nonmoving party is entitled to all reasonable inferences from the record . . . ."[39]

## DISCUSSION

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors."[40] To prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff is a 'consumer' under [the Act]; (2) the debt at issue arose out of a transaction entered into primarily

---

[33] Defs.' MPSJ.

[34] Mem. in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp."), ECF No. 89, filed January 7, 2026.

[35] Docket Text Order, ECF No. 90, filed January 30, 2026.

[36] Defs. Rob Kolkman and Constable Kolkman LLC's Reply Mem. in Supp. of Mot. for Partial Summ. J. ("Defs.' Reply"), ECF No. 92, filed February 13, 2026.

[37] *Affliction Holdings, LLC v. Utah Vap or Smoke, LLC*, 935 F.3d 1112, 1114 (10th Cir. 2019) (citing *Hobbs ex rel. Hobbs v. Zenderman*, 579 F.3d 1171, 1179 (10th Cir. 2009)).

[38] *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2014) (quoting *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 972 (10th Cir. 2002)).

[39] *Id.* at 1143–44.

[40] 15 U.S.C. § 1692(e).

for personal, family, or household purposes; (3) the defendant is a debt collector under [the Act]; and (4) through its acts or omissions, the defendant violated [the Act]."[41] The parties' motions dispute only the third and fourth elements.

The court first considers Defendants' Rule 56(d) motion. The court then considers Defendants' and Plaintiffs' motions for partial summary judgment in turn.

## I.    Defendants' Rule 56(d) Motion

In response to Plaintiff's motion, Defendants filed a 56(d) motion requesting the court to defer consideration of Plaintiff's motion until after they deposed Plaintiff.[42] Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[43]

Here, fact discovery has been closed since April 2025, and Defendants were unsuccessful in their attempts to reopen discovery to depose Plaintiff.[44] Deferring consideration of Plaintiff's motion will not allow Defendants to undertake any additional discovery. Accordingly, Defendants' Rule 56(d) motion is denied.

## II.    Defendants' Motion for Partial Summary Judgment

Defendants contend that: (1) they do not qualify as "debt collectors" under the FDCPA because they acted as state officials carrying out official duties; (2) the bona fide error defense

---

[41] *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022).
[42] Defs.' Rule 56(d) Mot.
[43] Fed. R. Civ. P. 56(d).
[44] Third Am. Scheduling Order, ECF No. 36, filed September 27, 2024; Order Denying Mot. to Reopen Discovery.

shields them from liability; and (3) their conduct was consistent with the FDCPA's underlying purpose. The court considers each in turn.

### A.   Debt Collectors

The third element of an FDCPA claim requires that the defendant be a debt collector. The FDCPA defines a "debt collector" as any person "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[45] But the definition expressly excludes "any officer . . . of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."[46] The court first considers whether Defendants are officers of the state and then considers whether they were performing their official duties.

### 1.   Officer of the State

Defendants claim that they are officers of the state of Utah. Constable Kolkman presents undisputed evidence that he is a sworn constable.[47] Plaintiff does not dispute that Constable Kolkman is an officer of the state, and this court has previously found that Constable Kolkman is an officer of the state.[48] The court finds the same here.

---

[45] 15 U.S.C. § 1692a(6).
[46] *Id.* § 1692a(6)(C).
[47] Constable Kolkman's Oath of Office.
[48] *Peretto v. Erickson*, No. 1:23-cv-00025, 2024 WL 555140, at *3 (D. Utah Feb. 12, 2024); *Young v. Erickson*, No. 2:23-cv-420, 2025 U.S. Dist. LEXIS 57625, at *6 (D. Utah Mar. 25, 2025); *Hernandez v. Kolkman*, No. 2:23-cv-00772, 2025 WL 906200, at *3 (D. Utah Mar. 25, 2025).

Constable Kolkman LLC is a different matter. As a private, for-profit business entity, this court has found multiple times that Constable Kolkman LLC is not an officer of the state.[49] That said, unlike in those previous cases, Defendants provided significant briefing here on why a Constable's status should extend to the Constable's business entity. This argument has not been fully considered in those previous cases.[50] But the court declines to decide the question here because it is immaterial to the outcome of this case; as explained in the next section, Defendants were not acting in the performance of their official duties and thus the exception is inapplicable regardless.

### 2.    Official Duties Exception

State officers are only excluded from the requirements of the FDCPA "to the extent that collecting or attempting to collect any debt is in the performance of his official duties."[51] Thus, the question remains whether Defendants were performing their official duties.

Under Utah law, constables are granted authority to "execute, serve, and return all process directed or delivered to him . . . throughout the state."[52] And Rule 64E of the Utah Rules of Civil Procedure authorizes constables to serve and execute writs of execution, which permits the holder to "seize property in the possession or under the control of the defendant following

---

[49] *See Young*, 2025 U.S. Dist. LEXIS 57625, at *6 ("[N]either federal nor Utah law includes constable LLCs or companies as state officers. . . . Defendants Utah Process, Inc., and Constable Kolkman LLC, as business entities, are not state officers."); *Hernandez*, 2025 WL 906200, at *3.

[50] *Id.*

[51] 15 U.S.C. § 1692a(6).

[52] Utah Code § 17-25-1 (2023) (amended in 2024 and renumbered in 2025). The court notes that Defendants quoted the incorrect version of this statute in their motion. The statute was amended in the second half of 2024, and Defendant quote the statute as amended. But the applicable time frame for this case is before the statute was amended.

entry of a final judgment."[53] "But constables' powers are limited to the court's order in the documents they serve."[54] If the constable "exceed[s] the scope of their authority under the writ of execution" then they are not performing official duties.[55]

Here, the writ states:

> TO THE CONSTABLE OF UTAH COUNTY, STATE OF UTAH: . . . YOU ARE COMMANDED to collect the judgment, with costs, interests and fees, and to sell enough of the Defendant(s) non-exempt personal property including but not limited to the following: cash, TV's, stereos, electronic equipment, gaming systems, DVD/blueray players, office equipment, cameras, works of art, collections, guns, camping equipment, furniture, livestock, machinery, farm equipment, tools and any and all vehicles to satisfy the same.[56]

Defendants have admitted that they were "seeking to work out a payment plan on the judgment amount."[57] But neither the statutes nor the writ authorizes such activity.[58] As the court explained earlier in this case:

> [T]he text of the Writ of Execution is unambiguous when read in light of the statutes and rules discussed previously. It commands the constable "to collect the judgment, . . . and to sell enough of Defendant(s) non-exempt personal property . . . to satisfy the same." The order to "collect the judgment" must be read in light of what follows ("to sell") and rules governing such writs; it does not confer freestanding and unfettered authority to collect the judgment by any means the constable wishes.[59]

---

[53] Utah R. Civ. P. 64E(a) ("A writ of execution is available to seize property in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property or the payment of money."); Utah R. Civ. P. 64(d)(1) ("If the writ directs the seizure of personal property, the court clerk may issue the writ to an officer of any county."); Utah R. Civ. P. 64(d)(3) (describing the process required for service of the writ); Utah R. Civ. P. 64(a)(7) (defining "officer" to include constables).

[54] *Young*, 2025 U.S. Dist. LEXIS 57625, at *7 (citing *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1316 (D. Utah 2019) ("A constable's official duties are defined by the orders and writs issued by a court or a court clerk authorizing the constable's actions.")).

[55] *Sexton*, 372 F. Supp. 3d at 1318.

[56] Writ.

[57] Defs.' MPSJ 2, 5–6; *see also* First Letter; Second Letter; Third Letter; Fourth Letter.

[58] *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914, 2024 WL 3510313, at *4 (D. Utah July 23, 2024) ("No statutory authority states that a constable may enter into payment plans and accept payments from judgment debtors . . . .").

[59] *Campbell*, 2024 WL 3510313, at *4; *see also Peretto,* 2024 WL 555140, at *6 ("Both the Utah Rules of Civil Procedure and the specific Writ at issue do specify how a constable is to collect a judgment: by seizing and selling

The writ does not authorize seeking to enter into a payment plan. It only authorizes seizing and selling Plaintiff's non-exempt personal property.

Defendants also argue that they were merely acquiescing to the debtor's preference under Utah Rule of Civil Procedure 69A. That rule requires "[w]hen there is more property than necessary to satisfy the amount due, the officer must seize such part of the property as the defendant may indicate."[60] But Defendants did not "seize" any property. Black's Law Dictionary defines seize as "to forcibly take possession (of a person or property)."[61] Seeking periodic, voluntary payments in a payment plan is not forcibly taking possession. And regardless, Plaintiff never made enough payments to satisfy the judgment—in fact, Plaintiff never made any payments at all—so without a surplus, the debtor's preference under Rule 69A could not have come into play.

In sum, Defendants' actions were not in performance of their official duties. Thus, Defendants are debt collectors subject to the FDCPA.

### B.  Bona Fide Error Defense

Defendants next argue that the bona fide error defense shields them from liability because they made a reasonable mistake of law. In their view, they were not "debt collectors" under the FDCPA because the Writ of Execution permitted them to work out payment plans. Under the FDCPA, the bona fide error defense states: "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence

---

personal property. And indeed, the duties given to constables under the Utah Code include only executing, serving, and returning legal process.").

[60] Utah R. Civ. P. 69A(a).

[61] Seize, Black's Law Dictionary (12th ed. 2024).

that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."[62]

But this argument is a non-starter. The Supreme Court of the United States, in *Jermane v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, clearly held that "the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute."[63] Defendants argue that their mistake of law differs from that in *Jermane* because it was a mistake in interpreting state law, not a mistake in interpreting the requirements of the FDCPA. But *Jermane*'s holding rests on the principle that intentional acts cannot be excused by a mistake of law.[64] The Court explained that "an act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law."[65] The Court further found it significant that Congress used the term "intentional" violations—which normally does not excuse mistakes of law—rather than "'willful' violations, a term more often understood in the civil context to excuse mistakes of law."[66] Overall, it makes no difference whether Defendants' mistake of law involved the FDCPA or state law; a mistake of law does not negate intentionality. The cases that Defendants cite to the contrary all pre-date the Supreme Court's clear holding and thus are now inapplicable.[67]

---

[62] 15 U.S.C. § 1692k(c).
[63] *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604–05 (2010).
[64] *Id*. at 581–84.
[65] *Id.* at 582.
[66] *Id.* at 584.
[67] *See Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006).

11

Here, Defendants incorrectly interpreted that they were not debt collectors because working out a payment plan was part of their official duties. The bona fide error defense cannot apply to this interpretation mistake.

### C.    Comported with the Purpose of the FDCPA

Defendants next argue that their actions comported with the FDCPA's purpose because seeking a payment plan is less abusive than seizing and selling personal property. Defendants argue that their conduct falls outside the abusive practices Congress intended to prohibit with the FDCPA.

But "[i]t is the statutory text . . . that best reflects Congress's intent."[68] "Indeed, it is quite mistaken to assume, as petitioners would have us, that 'whatever' might appear to "further[ ] the statute's primary objective must be the law.'"[69] Thus, the best indication of whether Defendants actions comported with the FDCPA's purpose is whether their actions violate the statute's text— not whether Constable Kolkman or this court believes that a payment plan is preferable to seizing and selling Plaintiff's property.

---

[68] *Republic of Hungary v. Simon*, 604 U.S. 115, 137 (2025).

[69] *Henson v. Santander Consumer USA Inc.,* 582 U.S. 79, 89–90 (2017) (quoting *Rodriguez v. United States,* 480 U.S. 522, 526 (1987) (*per curiam*)) ("In the end, reasonable people can disagree with how Congress balanced the various social costs and benefits in this area. We have no difficulty imagining, for example, a statute that applies the [FDCPA's] demands to anyone collecting any debts, anyone collecting debts originated by another, or to some other class of persons still. Neither do we doubt that the evolution of the debt collection business might invite reasonable disagreements on whether Congress should reenter the field and alter the judgments it made in the past. After all, it's hardly unknown for new business models to emerge in response to regulation, and for regulation in turn to address new business models. Constant competition between constable and quarry, regulator and regulated, can come as no surprise in our changing world. But neither should the proper role of the judiciary in that process—to apply, not amend, the work of the People's representatives.").

Beyond that, "no statute yet known 'pursues its [stated] purpose [ ] at all costs.'"[70] And it is for Congress to balance the social costs and benefits by the text of the statute.[71] For example, here, while it may or may not be true that a payment plan is better than seizing personal property, it may also be sound policy to separate governmental authority from debt collecting except when actually seizing property. Performing quintessential debt collecting actions under government authority has great potential for abuse and may undermine the perception of government authorities as neutral parties merely enforcing judicial orders. And, in any case, applying the FDCPA to Defendants would not prohibit them from ever negotiating a payment plan with debtors; instead, it simply requires Defendants to comply with the requirements of the FDCPA when they do so. While negotiating a payment plan may be better for debtors than seizing and selling personal property, so is negotiating a payment plan in a manner compliant with the FDCPA. The statute's text is the best indicator of how Congress balanced these competing interests.

And even if the court agreed, Defendants' argument relies on an inapplicable scenario unsupported by the record. Defendants have admitted that, in thousands of cases—including those with zero payment—they have never seized personal property to satisfy a judgment.[72] The hypothetical is inapposite.

For the foregoing reasons, Defendants' motion for partial summary judgment is denied.

---

[70] *Id.* (quoting *Dodd v. United States,* 545 U.S. 353, 357 (2005)).

[71] *Id.*

[72] Dep. of Rob Kolkman ("Kolkman Dep.") 24:9-16, 59:21–60:8, 85:22–86:7, 88:22–24, 92:3–8, ECF No. 59-11, filed October 17, 2025.

### III.    Plaintiff's Motion for Partial Summary Judgment

Plaintiff seeks summary judgment on two parts: First, that Defendants violated the FDCPA; and second, that former Defendants Olson and NAR Inc. are liable for any violations of the FDCPA committed by the Constable Defendants. As the court previously noted, Olson and NAR were dismissed from the case while briefing was ongoing.[73] Thus, the only remaining issue is whether Defendants violated the FDCPA.

The court notes that Defendants did not file any substantive opposition to Plaintiff's motion, despite the court giving them additional time to do so.[74] Defendants' only opposition to Plaintiff's motion simply requested more time to conduct discovery, but the court has already rejected Defendants' Rule 56(d) motion.[75]

That said, under Rule 56(e), the court may only "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[76] Thus, Plaintiff still must carry her legal burden, regardless of the lack of substantive opposition.

### A.    FDCPA Violations

Plaintiff argues that Defendants violated 15 U.S.C. § 1692e(2)(A), (4), (5), (9), (10), (11) and (13), and 15 U.S.C. § 1692f(1).

---

[73] Order, ECF No. 87, filed December 15, 2025.
[74] *See* Docket Text Order, ECF No. 90, filed January 30, 2026.
[75] Defs.' Opp.
[76] Fed. R. Civ. P. 56(e).

### 1.      15 U.S.C. § 1692e

Under 15 U.S.C. § 1692e, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[77] Section 1692e provides a non-exhaustive list of "practices that violate these prohibitions."[78] But, as the Tenth Circuit has explained, "to be actionable, 'statement[s] must be material, which is to say capable of influencing the consumer's decision-making process.'"[79] And, in the Tenth Circuit, materially is measured under the "reasonable consumer" standard, not under the least-sophisticated consumer standard applied by some other circuits.[80] "In summary, a representation violates § 1692e only if it is *materially* false, deceptive, or misleading to the *reasonable consumer*."[81]

Here, Plaintiff applied wholly incorrect legal standards. Instead of materiality, Plaintiff asserted that "[t]he Act is 'extraordinarily broad' and must be enforced as written, even when eminently sensible exceptions are proposed in the face of innocent and/or de minimis violations."[82] And instead of the reasonable consumer standard, Plaintiff asserted that "any lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor."[83] Plaintiff applied these incorrect standards throughout her motion.[84]

---

[77] 15 U.S.C. § 1692e.

[78] *Tavernaro*, 43 F.4th at 1067 (citing 15 U.S.C. §§ 1692e, 1692f).

[79] *Id.* (quoting *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 894 (6th Cir. 2020)).

[80] *Id.* at 1068–72.

[81] *Id.* at 1072 (emphasis added).

[82] Pl.'s MPSJ 10–11 (quoting *Blevins v. Hudson & Keyse, Inc.,* 395 F.Supp.2d 655, 658 (S.D. Ohio 2004)).

[83] *Id.* at 11 (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

[84] *See, e.g.*, *id.* 16–18, 24–25. This court has previously found in related cases that these standards do not reflect the governing law in the Tenth Circuit. *See Young*, 2025 U.S. Dist. LEXIS 57625.

15

Where Plaintiff has applied the wholly incorrect legal standards, this court will not make Plaintiff's arguments for her under the correct legal standards.[85] Thus, Plaintiff's motion fails to show that "the movant is entitled to judgment as a matter of law."[86]

### 2. 15 U.S.C. § 1692f

Under 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."[87] This specifically includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."[88] Plaintiff argues that Defendants violated the statute by inflating the amount owed in their letters to Plaintiff with $376 in fees they never earned.[89]

The Tenth Circuit has explicitly declined to decide whether § 1692f contains a materiality requirement similar to § 1692e.[90] However, multiple circuits have held that "if a 1692f claim is premised on a false or misleading representation, the misrepresentation must be material."[91]

---

[85] *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("[T]he court should not assume the role of advocate.").

[86] Fed. R. Civ. P. 56(a).

[87] 15 U.S.C. § 1692f.

[88] *Id.* § 1692f(1).

[89] Pl.'s MPSJ 19; First Letter; Second Letter.

[90] *Tavernaro*, 43 F.4th at 1068, n.4.

[91] *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 467 (6th Cir. 2014); *Lembach v. Bierman*, 528 F. App'x 297, 303–04 (4th Cir. 2013) ("Because [Plaintiff's] claim undoubtedly rests on 'false misrepresentations,' [Plaintiff] must, once again, show that this misrepresentation was material to support their § 1692f claim."); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f."); *see also Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 93–96 (2d Cir. 2012); *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 698–99 (8th Cir. 2017) ("This court has not directly addressed whether materiality is required, although it once indicated—in discussing class certification—that materiality would be an issue in proving a § 1692f(1) claim." But "[a]ssuming materiality is required, an attempt to collect a debt not owed is a material violation of § 1692f(1)" because "a debt collector's letters seeking debts not owed are an attempt to collect interest not permitted by law, and therefore a violation of the plain language of section 1692f(1).") (internal quotations omitted).

16

Indeed, as the Tenth Circuit recognized when discussing § 1692e, "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement."[92]

Here, where Plaintiff's asserted § 1692f violation is based on a false statement of the amount owed, these same principles apply. Thus, Plaintiff must show that the false statement was material to the reasonable consumer.[93] And, as explained above, Plaintiff did not apply these standards—instead applying inapplicable legal standards.[94] The court will not make Plaintiff's arguments for her. Thus, Plaintiff's motion fails to show that "the movant is entitled to judgment as a matter of law."[95]

## ORDER

Defendants' Rule 56(d) Motion[96] is DENIED. Defendants' Motion for Partial Summary Judgment[97] is DENIED. Plaintiff's Motion for Partial Summary Judgment[98] is DENIED.

Signed April 30, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[92] *Tavernaro*, 43 F.4th at 1068.
[93] *See id.*
[94] *Supra* III.A.1.
[95] Fed. R. Civ. P. 56(a).
[96] ECF No. 76.
[97] ECF No. 88.
[98] ECF No. 59.